# Bridget O'Connor, *v.* The Scranton Traction Company, Appellant.

*Negligence—Street railways—Presumption—Evidence.*

In an action by a passenger against a street railway company to recover damages for personal injuries, it appeared that the injuries were sustained by the car upon which plaintiff was riding running off the track. The defendant asked the court to charge that the presumption of negligence arising from the happening of an accident to the car resulting in injury to the plaintiff was successfully rebutted by proof that the track was in good order and repair, the car in perfect repair, and the management and operation careful and skillful. The trial judge did not in so many words affirm or deny the doctrine of the point, but he told the jury that the question as to whether the presumption of negligence had been successfully rebutted or not was for them to determine. *Held,* (1) that the question as to the rebuttal of the presumption was for the jury; (2) that no injustice was done by the form of the answer to defendant's point.

Argued Feb. 23, 1897. Appeal, No. 450, Jan. T., 1896, by defendant, from judgment of C: P. Lackawanna Co., Sept. T., 1894, No. 415, on verdict for plaintiff. Before WILLIAMS, MCCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before ARCHBALD, P. J.

At the trial it appeared that on April 2, 1894, plaintiff was injured while riding as a passenger on one of defendant's cars. Plaintiff testified that the car left the track, and as it did so she was thrown across the car, her body striking against the edge of the seat, causing internal injuries of a permanent nature. The defendant offered testimony tending to show that the track was in good condition, and the running gear of the car was perfect, and that it was managed and operated in a careful and skillful manner. The cause of the accident did not appear.

Defendant's point and answer thereto among others were as follows:

6. That while, in the case of a carrier of passengers, negligence is presumed in the case of accident, it is only a presumption, and where the carrier has successfully proved that at the time of the accident the track was in good order and repair, and the car was in perfect repair, and was properly and carefully run and managed, they have successfully rebutted any presumption of negligence which might arise out of the fact of their being such carrier of passengers. *Answer :* It seems to me, gentlemen, in that very case the question of whether a carrier of passengers, where an accident occurs, has sufficiently rebutted, or met or answered that presumption is for the jury, that it could hardly be a question for the court to declare, as matter of law, that it had, and that is the rule that I think you will have to apply in this case. It is for you to say whether the company has sufficiently met and overcome, or as the point says, rebutted, the presumption of negligence which exists against it by reason of the accident. That is my answer to the point. [1]

The court charged in part as follows :

[The fact that the car did leave the track raises a presumption against the company, which it is its duty to dispel. The mere fact that we have a derailment of the car calls upon it to suggest some reason why. It has endeavored to do so, but it frankly confesses that this is an unaccountable accident, so far as it is concerned. It has produced testimony to show that the car was in proper condition; that it discovered nothing about the running gear of the car, or anything that would explain why

it left the track.　It has produced testimony also to show that the track at the place of the accident was in proper repair and proper condition as far as the rails were concerned; that there was no joint out of order at that point, no junction of the rails insufficiently taken care of; that the car left the rail right at the middle of it.　There is no suggestion that the car was running fast, so as to get beyond the control of the rail or to jump it, because the evidence is that it was just starting out, or beyond the switch, and that very little power had been put upon it, but for some unaccountable reason, according to the position of the defendant company, this car left the track.] [2]

[But still it is for you to say, taking all that to which I have referred and all the other circumstances in the case, and taking the fact that the presumptions are against the defendant by reason of the occurring of the accident, whether or not you are convinced that it occurred by reason of the company's negligence.] [3]

[I might say right here, that if the company is found to be negligent, it would be liable for a mere shock, which resulted from it.　If I am a passenger upon a railroad train, and the train runs off, and I receive a shock to my nervous system, even though it may be temporary and passing, yet I think I would be entitled to compensation for that.　A very little might compensate me, but still there might be something necessary to do so.] [4]

Verdict and judgment for plaintiff for $2,500.　Defendant appealed.

*Errors assigned* among others were (1–4) above instructions, quoting then.

*Horace E. Hand* and *Everett Warren*, for appellant.—Carriers of passengers owe the highest degree of care to the passengers and are bound to take the highest precaution, still they are not insurers against every possible casualty: 2 Redfield on the Law of Railways, 216; 2 Wood on Railways, 1049.

In the present case instead of proving what did cause the accident we proved affirmatively that there was no assignable cause for it, and, if so, why have we not met the requirements of law, and did we not successfully rebut the presumption of

negligence? Hayman v. Penna. R. Co., 118 Pa. 511; San Antonio etc. Ry. v. Robinson, 73 Texas 277; Transportation Co. v. Downer, 11 Wallace, 135; Curtis v. Rochester etc. R. R., 18 N. Y. 543; Patterson's Ry. Accident Law, 443; Meier v. R. R., 64 Pa. 226; Ingalls v. Bills, 9 Metcalf, 1; Shearman and Redfield on Negligence, 313; Pittsburg, etc. R. R. v. Pillow, 76 Pa. 510; E. & W. V. R. R. v. Smith, 23 W. N. C. 514.

*John P. Kelly,* with him *Joseph O'Brien,* for appellee.—The case was for the jury: Bentley v. Cranmer, 137 Pa. 244; Wray v. Spence, 145 Pa. 399; Sullivan v. P. & R. R. R., 30 Pa. 234; Dampman v. Penna. R. Co., 166 Pa. 520; Laing v. Colder, 8 Pa. 479; Meier v. R. R., 64 Pa. 226; P. & R. R. R. Co. v. Anderson, 94 Pa. 351; P. R. R. v. MacKinney, 124 Pa. 469; Thomas v. P. & R. R. R., 148 Pa. 180; Booth on Street Railways, sec. 324; Curtis v. R. R., 18 N. Y. 543.

PER CURIAM, March 22, 1897:

The principal question raised by this appeal is presented most distinctly by the first assignment of error. The defendants' counsel by their sixth point had asked the court to instruct the jury that the presumption of negligence arising from the happening of an injurious accident to the vehicle employed for the carriage of passengers resulting in injury to a passenger is successfully rebutted by proof that the track was in good order and repair, the car in perfect repair, and the management and operation careful and skillful. The learned judge did not in so many words affirm or deny the doctrine of the point, but he told the jury that the question as to whether the presumption of negligence had been successfully rebutted or not was for them to determine. This, while not a categorical answer, submitted the question to the jury as one of fact. The question was for the jury: Sullivan v. Phila. & Reading R. R. Co., 30 Pa. 234, and no injustice was done by the form of the answer. We see nothing in the record to require us to interfere with this judgment, and it accordingly is affirmed.